## SAMUEL GOULD *vs.* Inhabitants of NEW-PORTLAND.

An agreement between a town and one of its inhabitants, that he should collect the taxes for a fixed compensation, on being chosen sole collector and constable, performed on the part of the town, is a legal contract and binding on the collector.

Where a town chooses one of its inhabitants collector of taxes, on his agreeing to make the collection for a certain per cent., he is bound to collect for that compensation not only the amount raised at the meeting when he was chosen, but all taxes where the money was raised and the bills committed to him during the year.

THE action was *assumpsit,* for services performed by the plaintiff as collector of taxes in *New-Portland.* At the *March* meeting in 1834, the plaintiff offered to serve as collector for one and an half per cent., he to be the sole constable. The town chose the plaintiff constable and chose no other. He was also chosen collector, and the vote was thus recorded. " Chose *Samuel Gould, Esq.* collector, by his collecting for one and an half per cent., and by his posting all warrants free of expense." The town raised a sum of money at that meeting, and a further sum at a meeting in *May* following, and also an additional sum in *December* of that year, to rebuild a bridge, which had been carried away. All the tax bills of that year were committed to the plaintiff, and he performed the service ; but did not finish his collection until the following year. The plaintiff had been paid one and an half per cent. for the collections made by him. At the trial, the plaintiff's counsel contended : — 1. That he was not bound to collect any of the money for one and an half per cent. by reason of any thing which took place at the *March* meeting. 2. That if he was bound to collect any money for that compensation, it was limited to the amount raised at the meeting at which he was chosen. *Weston C. J.* ruled, that the plaintiff was limited to one and an half per cent. upon all the

bills committed to him for collection, for money raised in the year 1834. The plaintiff then consented to become nonsuit, and the action was to stand for trial, if the opinion of the Court should be with the plaintiff, on either ground taken by him.

*Wells*, for the plaintiff, argued in support of the positions taken at the trial.

*Tenney*, for the defendants, said, that by the *stat. c.* 116, collectors were not bound to serve when chosen, though constables were. *Morrell* v. *Sylvester*, 1 *Greenl.* 248 ; *Mussey* v. *White*, 3 *Greenl.* 290. The contract between the plaintiff and the town was a legal one, and applied to all the money raised during the year, and he must be bound by his contract.

The opinion of the Court was afterwards drawn up by

WESTON C. J. — The plaintiff agreed to act as collector, for one and an half per cent., he to be sole constable. The town consented, chose him constable and collector, and chose no other constable. There was nothing in the agreement, limiting the commission, or the stipulation of *Gould*, to the moneys to be raised at that meeting.

All that he subsequently collected, although part of it might be after the close of the municipal year, was under his appointment at that time. Having accepted the office, he was bound to collect all moneys, raised and assessed that year, for which he had a sufficient warrant. *Nonsuit confirmed*.